IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Duane Daniel, | No. CV-19-08040-PCT-MTL (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown McCarthy, et al., | |
| Defendants. | |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 20, 26, 27, 31).

## **I. DISCUSSION**

### A. Defendants' "Motion to Strike Plaintiff's Reply to Defendants' Responsive Pleading" (Doc. 20)

On July 18, 2019, Defendant Kirk and McCarthy filed an Answer (Doc. 15) to Plaintiff's Complaint (Doc. 1). On July 29, 2019, Plaintiff filed a "Reply to Defendant's Responsive Pleading" (Doc. 19). Pending before the Court is Defendants' "Motion to Strike Plaintiff's Reply to Defendants' Responsive Pleading" (Doc. 20).

Federal Rule of Civil Procedure 7(a) lists the pleadings that are allowed in a civil action. Pursuant to Rule 7(a)(7), a reply to an answer is allowed only if the court orders one. As the Court did not order a reply to Defendants' Answer (Doc. 15), Plaintiff's Reply (Doc. 19) is an improper pleading. Accordingly, the Court will grant Defendants' Motion (Doc. 20).

### B. Defendants' "Motion to Stay" (Doc. 26)

The Court has reviewed the parties' briefing concerning Defendants' Motion (Doc. 26) that requests that the Court stay discovery pending resolution of Defendants' "Motion for Summary Judgment re: Failure to Exhaust Administrative Remedies" (Doc. 24). In opposing the Motion, Plaintiff explains that he needs discovery to support his claim that his exhaustion requirement should be excused. (Doc. 35). The Court will grant Defendants' Motion (Doc. 26) to the following extent: pending resolution of Defendants' Motion for Summary Judgment (Doc. 24), discovery is limited to evidence concerning exhaustion, including whether the exhaustion requirement should be excused.

### C. Plaintiff's "Request for Appointment of a Private Investigator" (Doc. 27) and "Request for Appointment of a Psychologist, Pursuant to Rule 36(a) FRCP" (Doc. 31)

The Court has reviewed Plaintiff's two Motions (Docs. 27, 31) in which Plaintiff requests that the Court appoint (i) a private investigator and (ii) a psychologist to serve as an expert witness.

Congress has not authorized the expenditure of public funds for the Court appointment of an investigator for a plaintiff proceeding in forma pauperis under 28 U.S.C. § 1915. *See Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Plaintiff's "Request for Appointment of a Private Investigator" (Doc. 27) will be denied.

Federal Rule of Civil Procedure 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002). Expert witnesses, however, cannot be appointed solely to aid a litigant in presenting his or her case. Expert witnesses can be only appointed where necessary to aid the court. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (stating

that "the plain language of [28 U.S.C. § 1915] does not provide for the appointment of expert witnesses to aid an indigent litigant"). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." WRIGHT & MILLER, 29 FED. PRAC. & PROC. EVID. § 6304 (2004).

The Court finds that Plaintiff's allegations in his Complaint (Doc. 1) are not so complicated as to require the appointment of an expert witness to assist the Court. Plaintiff's "Request for Appointment of a Psychologist, Pursuant to Rule 36(a) FRCP" (Doc. 31) will be denied. Plaintiff's "Request for an Expedited Ruling on a Motion for Appointment of a Psychologist" (Doc. 38) will be denied as moot.

### D. Plaintiff's "Motion for Extension of Time" (Doc. 36)

In his September 25, 2019 Motion (Doc. 36), Plaintiff seeks a forty-five day extension of the deadline to respond to Defendants' Motion for Summary Judgment (Doc. 24). For good cause shown, the Court will grant Plaintiff's Motion (Doc. 36).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendants' "Motion to Strike Plaintiff's Reply to Defendants' Responsive Pleading" (Doc. 20).

**IT IS FURTHER ORDERED** directing the Clerk of Court to strike Plaintiff's "Reply to Defendant's Responsive Pleading" (Doc. 19).

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Stay" (Doc. 26) to the following extent: pending resolution of Defendants' Motion for Summary Judgment (Doc. 24), discovery is limited to evidence concerning exhaustion, including whether the exhaustion requirement should be excused.

**IT IS FURTHER ORDERED** denying Plaintiff's "Request for Appointment of a Private Investigator" (Doc. 27).

**IT IS FURTHER ORDERED** denying Plaintiff's "Request for Appointment of a Psychologist, Pursuant to Rule 36(a) FRCP" (Doc. 31).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's "Request for an Expedited Ruling on a Motion for Appointment of a Psychologist" (Doc. 38).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Extension of Time" (Doc. 36). Plaintiff shall file his response to Defendants' Motion for Summary Judgment (Doc. 24) no later than **November 14, 2019**.

Dated this 1st day of October, 2019.

Honorable Eileen S. Willett
United States Magistrate Judge